**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1916-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GUNNAR WAHLSTROM,

     Defendant-Appellant.

_____

Submitted May 8, 2019 – Decided June 6, 2019

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Law Division, Morris County, Municipal Appeal No. 14-056.

Gunnar Wahlstrom, appellant pro se.

O'Donnell Mc Cord, PC, attorneys for respondent (Jason Andrew Cherchia, of counsel and on the brief).

PER CURIAM

Defendant Gunnar Wahlstrom appeals from the October 20, 2017 decision by the Honorable Thomas J. Critchley, Jr., after a trial de novo. The four

separate summonses charged defendant with various offenses arising from the Township of East Hanover's property maintenance code. We affirm.

The summonses charged defendant with the following: the storage of trailers and construction equipment on residential property, Municipal code § 119A-13(F)(6) (complaint no. 391); the parking of an inoperable and unregistered vehicle on residential property, Municipal code § 119A-13(F)(8) (complaint no. 392); the failure to maintain residential property contributing to a "blighting influence[]" because of the condition of exterior paint, gutters, and loose wires, Municipal code § 119A-13(E) (complaint no. 393); and the performance of mechanical or body repair work on vehicles on residential property - Municipal code § 119A-13(F)(3) (complaint no. 394). Each complaint cites to the relevant section of the municipal ordinance.

Without reciting the details of the tortuous history in this case, we note that these complaints and summonses were issued on July 15, 2014. In the intervening years, the complaints were first dismissed as procedurally deficient, subsequently refiled, and defendant was convicted at the municipal court trial. On appeal, the Law Division remanded the case for a new trial because the municipal court proceedings had not been recorded.

When that second trial took place in 2015, the code enforcement officer testified regarding the ordinance violations, and produced photographs taken of defendant's premises, depicting trailers, vehicles, and the dilapidated condition of the home. The municipal court judge convicted defendant, imposed $1432 in fines and court costs, and ordered him to remediate the violations within thirty days or pay a $50 per day assessment.

On appeal to the Law Division, the judge dismissed the complaints without prejudice, finding they issued in a procedurally defective manner, in violation of defendant's due process rights. Defendant had not raised this issue, and when the State appealed the dismissal, we remanded the matter, finding the Law Division's sua sponte decision on due process grounds was improper.

On October 20, 2017, a second judge on remand convicted defendant and signed the order on November 9, 2017. Judge Critchley reinstated the convictions based on the code enforcement officer's earlier testimony and the exhibits introduced in support of the offenses. The judge further found the charging documents were adequate in terms of due process because they specifically alleged the violations depicted in the photos, and referred to the specific subsections of the code.

A-1916-17T4

The judge detailed the exhibits introduced in support of the violations, describing the photographs in detail. He concluded that defendant's double jeopardy argument had no merit since the second trial was compelled by the absence of a record of the first proceeding. The judge also noted that although the complaints did not specify a time for remediation, they stated that the conditions were to be corrected immediately. The judge rejected defendant's argument that the municipal court judge's initial communications with the construction officer, requiring him to refile the complaints, was improper. Those conversations did not adversely affect the outcome after a full trial on new complaints. Nor did the judge consider the proceedings to have violated fundamental fairness or due process: defendant had a number of years in which to correct the conditions, and had not done so. He opined:

> And so I find that the State did not violate any considerations of double-jeopardy, due process, or fundamental fairness, and did prove the violations by proof beyond a reasonable doubt. There were trailers on the property in violation of the applicable code section, there were unregistered and inoperable vehicles, as established by the photos and the documentation. There were general maintenance issues, particularly with respect to deteriorating painting, peeling and gutters and soffits and things of that nature, and there were a large number of, it appears, or certainly several, vehicles that were not in operating condition that were being stored on the property and that appeared to be perhaps subject to more than minor

repair works. One photo showed a tire in front of a car and a piece of wood opening -- propping open the hood of the vehicle, and all of this is intended for the protection of the community, the property values, and the neighbors. And fairness to the neighbors requires that the Town be able to remediate this. This is not something that was done overnight and in an overly-hasty manner. It appears to have gone, according to the hearing officer, over several years. Certainly the records that I have go from the year 2014 into the year 2015.

With respect to the fines, fees and penalties, in consideration of some of what I'll call the imperfections in the cases, I am going to myself remediate some of the penalties. I will leave intact the court costs, but reduce the fines for each summons to $125. I will ask the State to prepare an order documenting this and, of course, Mr. Wahlstrom, you would have, again -- and I know you're familiar with the process -- the right to an appeal of this determination. That should be done within 45 days.

On appeal, defendant raises the following nine points:

POINT 1: JUDGE CRITCHLEY MADE HARMFUL ERROR BY NOT RECOGNIZING THAT THE CONTROLLING LAW, ORDINANCE §119A, INCLUDES MANDATORY DUE PROCESS SAFEGUARDS IN §119A-36 THROUGH §119A-39 WHICH REQUIRE THAT NOTICE BE PROVIDED IDENTIFYING THE ALLEGED VIOLATIONS, WHAT CORRECTIONS ARE NEEDED, AND REASONABLE TIME TO CORRECT, AND THAT THE OPERATION OF THE ORDINANCE REQUIRES EXHAUSTION OF TIME FOR CORRECTIONS BEFORE PROPERTY OWNER IS

IN VIOLATION OF THE ORDINANCE AND PENALTIES ARE TRIGGERED BY §119A-41.

POINT 2: JUDGE CRITCHLEY MADE HARMFUL ERROR AND ABUSED HIS DISCRETION BY SUBSTITUTING THE MANDATORY DUE PROCESS REQUIREMENTS OF THE ORDINANCE WITH HIS OWN ARBITRARY DEFINITIONS. HE THEREBY MISCONCEIVED AND MISAPPLIED THE APPLICABLE LAW CAUSING HIS EXERCISE OF LEGAL DISCRETION TO LACK FOUNDATION AND BECOME AN ARBITRARY ACT. IT IS THEREFORE THE DUTY OF THE COURT TO ADJUDICATE THE CONTROVERSY IN LIGHT OF THE APPLICABLE LAW IN ORDER THAT A MANIFEST DENIAL OF JUSTICE BE AVOIDED.

POINT 3: JUDGE CRITCHLEY MADE HARMFUL ERROR BY NOT RECOGNIZING THAT THE ORDINANCE IN §119A-36 THROUGH §119A-39 PROVIDES MANDATORY PROCEDURAL DUE PROCESS SAFEGUARDS WHICH ARE IN ADDITION TO OTHER STATE AND FEDERAL DUE PROCESS REQUIREMENTS, WHICH DO NOT REPLACE THE DUE PROCESS REQUIREMENTS OF THE LOCAL ORDINANCE.

POINT 4: JUDGE CRITCHLEY MADE HARMFUL ERROR BY NOT RECOGNIZING THAT PROSECUTION OF DEFENDANT WAS INITIATED IN MUNICIPAL COURT WHILE DEFENDANT WAS NOT IN VIOLATION OF THE ORDINANCE, CAUSING DEFENDANT TO SUSTAIN EXTENDED ABUSIVE LITIGATION INSTEAD OF BEING ABLE TO MAKE NECESSARY CORRECTIONS OF THE ALLEGED PROPERTY VIOLATIONS IN ACCORDANCE WITH THE PROVISIONS OF THE

ORDINANCE, IN VIOLATION OF DEFENDANT'S DUE PROCESS RIGHTS.

POINT 5: JUDGE CRITCHLEY MADE HARMFUL ERROR IN NOT RECOGNIZING THAT THE FAILURE OF ENFORCEMENT OFFICER TO ISSUE VALID NOTICE CONSTITUTED LACK OF FUNDAMENTAL FAIRNESS AND LEFT DEFENDANT WITHOUT A CLUE OF WHAT HE HAD DONE WRONG, WHAT HE WAS CHARGED WITH, HOW TO PREPARE A DEFENSE, AND MUCH LESS HOW TO REMEDY THE SITUATION, IN VIOLATION OF DEFENDANT'S PROCEDURAL DUE PROCESS RIGHTS UNDER THE 14TH AMENDMENT OF THE U.S. CONSTITUTION.

POINT 6: THE MUNICIPAL JUDGE FAILED DURING TRIAL TO RULE ON THE ISSUE "DEFENDANT IS CHARGED WITH VIOLATIONS OF A SPECIFICATION ORDINANCE" IN DEFENDANT'S MOTION, WHICH ARGUED THAT THE PENALTIES OF THE ORDINANCE ARE TRIGGERED BY §119A-41, AND NOT BY A SPECIFICATION SECTION UNDER §119A-13. JUDGE CRITCHLEY MADE HARMFUL ERROR IN NOT RECOGNIZING THAT §119A-41 IS TRIGGERED BY THE EXHAUSTION OF TIME GIVEN FOR CORRECTIONS IN NOTICE, AND NOT BY A SUMMONS WRITTEN ON A SPECIFICATION SECTION OF THE ORDINANCE, AND MISAPPLIED THE LAW BY SUBSTITUTING HIS OWN ARBITRARY VIEWS FOR THE DUE PROCESS REQUIREMENTS OF THE ORDINANCE. THIS CAUSED HIS ENTIRE RULING TO LACK FOUNDATION AND BECOME AN ARBITRARY ACT AND THE COURT HAS A DUTY TO ADJUDICATE THE CONTROVERSY IN LIGHT OF

A-1916-17T4

THE APPLICABLE LAW IN ORDER THAT A MANIFEST DENIAL OF JUSTICE BE AVOIDED.

POINT 7: JUDGE CRITCHLEY MADE HARMFUL ERROR BY NOT TAKING ISSUE WITH THAT DEFENDANT'S DUE PROCESS RIGHTS UNDER THE 14TH AMENDMENT WERE VIOLATED IN MANY INSTANCES THROUGHOUT THIS LITIGATION AS A RESULT OF A PERVASIVE LACK OF FUNDAMENTAL FAIRNESS.

POINT 8: JUDGE CRITCHLEY MADE HARMFUL ERROR IN NOT RECOGNIZING THAT CONVICTION OF DEFENDANT IS NOT SUPPORTED BY THE EVIDENCE IN THE CASE.

POINT 9: JUDGE CRITCHLEY MADE HARMFUL ERROR IN FINDING DEFENDANT GUILTY BY DISREGARDING THE MANDATORY DUE PROCESS SAFEGUARDS §119A-36 THROUGH §119A-39. THIS IS A DUE PROCESS VIOLATION THAT ALSO VIOLATES THE CONSTITUTION OF NEW JERSEY AND DEFENDANT MUST BE FOUND NOT GUILTY OF THE CHARGES.

In his reply brief, defendant, in violation of the relevant law,[1] raised seven more points:

POINT 1: THE RECORD SHOWS THAT JUDGE CRITCHLEY ACTED UNDER MISCONCEPTION OF THE APPLICABLE LAW RULING ON THE REMAND CAUSING HIS EXERCISE OF DISCRETION TO LACK FOUNDATION IN THE

---

[1] A reply brief may not raise new issues. See State v. Smith, 55 N.J. 476, 488 (1970); Sholtis v. Am. Cyanamid Co., 238 N.J. Super. 8, 13-14 n.3 (App. Div. 1989).

APPLICABLE LAW AND BECOME AN ARBITRARY ACT. THE COURT INSTEAD MUST ADJUDICATE THE CONTROVERSY IN THE LIGHT OF THE APPLICABLE LAW IN ORDER THAT A MANIFEST DENIAL OF JUSTICE BE AVOIDED.

POINT 2: JUDGE CRITCHLEY ERRED IN ADJUDICATING THE REMAND BY NOT RECOGNIZING THAT HE WAS CONVICTING DEFENDANT FOR OFFENSES NOT CHARGED BY SUMMONSES #391-394.

POINT 3: DEFENDANT'S DUE PROCESS RIGHTS WERE VIOLATED; PLAINTIFF IS MISAPPLYING THE FACTS OF THE CASE AND USES INAPPLICABLE CASE LAW IN AN ATTEMPT TO ARGUE THAT DEFENDANT'S DUE PROCESS RIGHTS WERE NOT VIOLATED.

POINT 4: JUDGE CRITCHLEY['S] RULING LEAVES MORE THAN REASONABLE DOUBT THAT DEFENDANT'S DUE PROCESS RIGHTS WERE NOT VIOLATED UNDER THE 14TH AMENDMENT OF THE US CONSTITUTION, AND PLAINTIFF HAS ALSO NOT CONVINCED THE COURT BEYOND REASONABLE DOUBT THAT THE ERROR(S) COMPLAINED OF HEREIN DID NOT CONTRIBUTE TO THE CONVICTION AND THE COURT MUST THEREFORE REVERSE THE GUILTY RULING.

POINT 5: PLAINTIFF FALSELY ARGUES THAT HE SUBSTANTIALLY COMPLIED WITH THE MANDATORY DUE PROCESS SAFEGUARDS, SECTIONS 119A-36 THROUGH 39 WHEN THE FACT IS THAT HE DID NOT.

POINT 6: PLAINTIFF MISUNDERSTANDS THE STANDARDS FOR APPELLATE REVIEW AND HIS POINT IV IS IRRELEVANT AND MUST BE IGNORED.

POINT 7: PLAINTIFF MISUNDERSTANDS THE SCOPE OF APPELLATE COURT REVIEW, AND THE WAIVER ISSUE HAS ALREADY BEEN RULED ON BY THE APPELLATE COURT. THEREFORE PLAINTIFF'S POINT V HAS NO MERIT AND MUST BE IGNORED.

For the reasons stated by Judge Critchley, we affirm the conviction. Defendant's claims of error are so lacking in merit as to not warrant much discussion in a written opinion. R. 2:11-3(e)(2).

"[A]ppellate review of a municipal appeal to the Law Division is limited to 'the action of the Law Division and not that of the municipal court.'" State v. Palma, 219 N.J. 584, 591-92 (2014) (quoting State v. Joas, 34 N.J. 179, 184 (1961); State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001)). In a trial de novo conducted on the record developed in the municipal court, the "Law Division judge [is] bound to give 'due, although not necessarily controlling, regard to the opportunity of a [municipal court judge] to judge the credibility of the witnesses.'" State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005) (quoting State v. Johnson, 42 N.J. 146, 157 (1964)).

"[Appellate] review is limited to determining whether there is sufficient credible evidence present in the record to support the findings of the Law Division judge, not the municipal court." Ibid. (citing Johnson, 42 N.J. at 161-62). Furthermore,

> [a]ppellate courts should defer to trial courts' credibility findings that are often influenced by matters such as observations of the character and demeanor of witnesses and common human experience that are not transmitted by the record. Moreover, the rule of deference is more compelling where, as in the present case, two lower courts have entered concurrent judgments on purely factual issues. Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error.
>
> [State v. Locurto, 157 N.J. 463, 474 (1999) (citations omitted).]

Judge Critchley's conclusion that the testimony of the code enforcement officer was credible is supported as to each summons by the photographs admitted as exhibits, which corroborated his description of the premises. Thus, the record contained ample credible evidence to support Judge Critchley's findings of fact. See Locurto, 157 N.J. at 474. Defendant's legal attacks on the judge's decision simply have no merit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1916-17T4