SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**State v. Diana M. Palma (A-41-12) (071228)**

**Argued September 23, 2013 -- Decided September 30, 2014**

**RODRÍGUEZ, P.J.A.D. (temporarily assigned), writing for a unanimous Court.**

In this appeal, the Court addresses the appropriate factors to be considered when sentencing a person to careless driving under N.J.S.A. 39:4-97.

On February 22, 2010, defendant was driving a sport utility vehicle (SUV) in Red Bank. As defendant made a left turn, she struck a pedestrian who was crossing the street. The victim became pinned between the SUV's undercarriage and the pavement. Defendant continued to drive, unaware of the collision or that the victim was being dragged under the SUV. Another driver alerted defendant that she had struck the victim and defendant stopped her SUV. Emergency personnel freed the victim and transported her to a local hospital. The victim died two months later as a result of the injuries sustained from the accident.

Defendant was not under the influence at the time of the accident. She received citations for careless driving, N.J.S.A. 39:4-97, and failure to yield to a pedestrian, N.J.S.A. 39:4-36. The Monmouth County Prosecutor's Office reviewed the police investigation reports and declined to present criminal charges against defendant to the county grand jury. The prosecutor forwarded the traffic summonses to the Red Bank Municipal Court for adjudication.

In the municipal court, pursuant to an agreement, defendant entered a plea of guilty to the careless-driving charge. The remaining charge was dismissed. Defendant was sentenced to a fifteen-day term in the Monmouth County Jail to be served on weekends; a ninety-day license suspension; and fines and costs totaling $241. The municipal court judge stayed the custodial sentence and license suspension pending appeal. Subsequently, by agreement, the stay of the license suspension was vacated.

Defendant appealed only the custodial sentence to the Law Division. On de novo review, the Law Division judge imposed the same sentence. Defendant then appealed to the Appellate Division. In a published opinion, the Appellate Division vacated the sentence and remanded for resentencing. State v. Palma, 426 N.J. Super. 510 (App. Div. 2012). The panel concluded that the Moran sentencing factors, State v. Moran, 201 N.J. 311, 328-29 (2010), provided controlling guidance in arriving at an appropriate sentence. The panel also concluded that judges may only impose a license suspension or custodial sentence in careless driving cases that present aggravating circumstances, and that such circumstances must come from evidential sources in the record, which shall be recited in the judge's factual findings.

This Court granted the State's petition for certification. 213 N.J. 45 (2013).

**HELD**: The factors outlined by this Court in State v. Moran, 202 N.J. 311 (2010), should be followed by judges in the municipal court and Law Division when imposing sentences for careless driving.

1. In New Jersey, custodial sentences for criminal and quasi-criminal violations are governed by different codes depending on the classification of the offense. Sentencing for crimes and disorderly persons offenses are governed by the New Jersey Code of Criminal Justice. Offenses arising from violations of motor vehicle and traffic regulations are governed by the Motor Vehicle Code. In this category of cases, custodial terms and license suspensions are characterized as consequences of magnitude. In reviewing the appropriateness of a sentence, one of the principal goals, under either the Criminal Code or Motor Vehicle Code, is the elimination of disparity in order to ensure uniformity and predictability. The Court often has taken affirmative steps to ensure that sentencing and disposition procedures, whether authorized by statute or court rule, will not produce widely disparate results for

1

similarly situated defendants. (pp. 8-10)

2. The leading case in New Jersey with respect to sentencing guidelines or principles in Motor Vehicle Code cases is Moran. Defendant, Laura Moran was found guilty in municipal court of reckless driving, N.J.S.A. 39:4-96, as well as other motor vehicle offenses. The sentencing court suspended Moran's driving privileges for forty-five days pursuant to N.J.S.A. 39:5-31. This provision is a sentence enhancer that empowers the court to suspend a defendant's license for a willful violation of certain offenses, including reckless driving. The Court vacated the forty-five-day period of license suspension and remanded for resentencing. The Court directed the sentencing court to consider seven factors in determining a new sentence including the nature and circumstances of defendant's conduct, defendant's driving record, whether a license suspension would cause excessive hardship to defendant and her dependents, and the need for personal deterrence. The Court also instructed that any other relevant factor clearly identified by the court may be considered. The Court further held that the sentencing courts are required to articulate their reasoning when imposing a license suspension to enhance appellate review and further safeguard against arbitrariness in sentencing. (pp. 10-13)

3. As the Court did in Moran, it exercises its supervisory function in this appeal in order to provide guidance for the municipal courts and Law Division judges in fashioning a sentence for those convicted of careless driving. This case differs from Moran in two respects. First, this is a careless driving case, and the sentencing enhancer of N.J.S.A. 39:5-31 does not apply. Second, here defendant challenges a custodial sentence, not a license suspension. The holding in Moran introduced the concept of using certain enumerated factors or principles when imposing a sentence that constitutes a consequence of magnitude in a motor vehicle conviction case. That holding, the Court concludes, should be extended to include sentencing for careless driving, which carries a potential custodial term. Consistent with the Court's reasoning in Moran, the Court holds that the Criminal Code sentencing factors per se are not to be used in determining whether or not a custodial term should be imposed for a careless driving conviction. The Court also concludes that the Criminal Code sentencing factors should not be used as guidance in sentencing decisions for careless driving convictions. (pp. 13-14)

4. With respect to what other information the sentencing judge should consider in fashioning a sentence, the Court notes that in sentencing, trial courts consider all relevant information, including hearsay, unrestrained by the rules of evidence. The whole person concept authorizes the sentencing court to comprehend in its deliberations a wide range of information that might otherwise be excluded by evidentiary norms. However, any such information must come before the court in the due course of its proceedings and the sentencing court should take care to prevent extraneous material from seeping into the process, even if a matter of personal knowledge. (pp. 14-15)

The judgment of the Appellate Division is **AFFIRMED**, and the matter is **REMANDED** to the municipal court for proceedings in accordance with this opinion.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA join in JUDGE RODRÍGUEZ's opinion. JUDGE CUFF (temporarily assigned) did not participate.**

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

       v.

DIANA M. PALMA,

    Defendant-Respondent.

Argued September 23, 2013 – Decided September 30, 2014

On certification to the Superior Court,
Appellate Division, whose opinion is
reported at 426 N.J. Super. 510 (2012).

Paul H. Heinzel, Special Deputy Attorney
General, Acting Assistant Prosecutor, argued
the cause for appellant (Christopher J.
Gramiccioni, Acting Monmouth County
Prosecutor, attorney; Monica L. do Outeiro,
Special Deputy Attorney General, Acting
Assistant Prosecutor, of counsel and on the
brief).

Paul E. Zager argued the cause for
respondent.

JUDGE RODRÍGUEZ (temporarily assigned) delivered the

opinion of the Court.

In this appeal, we address an issue similar to the question

addressed in State v. Moran, 202 N.J. 311 (2010), where the

Court identified the appropriate factors to be considered when

sentencing a person convicted of reckless driving, N.J.S.A.

39:4-96. The factors were provided in order to channel the

1

discretion afforded to the sentencing court under the reckless driving statute. Here, defendant pleaded guilty to careless driving under N.J.S.A. 39:4-97, a statute that similarly provides considerable discretion to a sentencing court. In this instance, a fatality resulted from the incident. The municipal court and Law Division judge imposed a fifteen-day custodial term as part of defendant's sentence. The Appellate Division reversed the custodial term and remanded for resentencing after consideration of sentencing factors identified in Moran. We affirm and, pursuant to our supervisory function, N.J. Const. art. VI, § 2, ¶ 3, and in order to provide guidance for the municipal court and Law Division judges, hold that the Moran factors provide the appropriate guidance and should be followed in this and similar cases involving sentencing pursuant to the careless driving statute.

I.

On February 22, 2010, defendant, Diana M. Palma, was driving a Ford Expedition sport utility vehicle (SUV) in Red Bank. As she traveled east on Bergen Place, she made a left turn onto Broad Street. A forty-four-year-old woman, Alla Tsiring (victim), who was wearing a pink jacket, was crossing Broad Street at that moment. She was struck by the driver's side of defendant's SUV. The victim became pinned between the SUV's undercarriage and the pavement. Defendant continued to

2

drive, unaware of the collision or that the victim was being dragged under the SUV. Another driver, Jules Slewski, alerted defendant that she had struck the victim. Defendant stopped her SUV and saw the victim. Shortly thereafter, emergency personnel freed the victim and transported her to a local hospital. About two months later, the victim died as a result of injuries sustained from the accident.

Red Bank Patrolman Beau Broadley verified that defendant had a valid driver's license and was not under the influence of intoxicants at the time of the accident. He issued motor vehicle citations to defendant for careless driving, N.J.S.A. 39:4-97, and failure to yield to a pedestrian, N.J.S.A. 39:4-36.

The Monmouth County Prosecutor's Office reviewed the pertinent police investigation reports and declined to present criminal charges against defendant to the county grand jury. The prosecutor forwarded the traffic summonses to the Red Bank Municipal Court for adjudication.

In the municipal court, pursuant to an agreement, defendant entered a plea of guilty to the careless-driving charge. The remaining charge was dismissed. Defendant gave an adequate factual basis, and the guilty plea was accepted.

According to N.J.S.A. 39:4-104, a person convicted of careless driving, reckless driving, speeding, and other traffic offenses defined in Article 12 of Title 39 (N.J.S.A. 39:4-95 to

3

-103(1)), "shall, for each violation, be subject to a fine of not less than $50.00 or more than $200.00, or imprisonment for a period not exceeding 15 days, or both," unless otherwise provided.

The municipal court judge imposed the following sentence: a fifteen-day term in the Monmouth County Jail to be served on weekends; a ninety-day license suspension; and fines and costs totaling $241. The municipal court judge stayed the custodial sentence and license suspension pending appeal. Subsequently, by agreement, the stay of the license suspension was vacated.

## II.

Defendant appealed only the custodial sentence to the Law Division. On a de novo review the Law Division judge imposed the same sentence.

Defendant then appealed to the Appellate Division. In a published opinion, the Appellate Division vacated the sentence and remanded for resentencing. State v. Palma, 426 N.J. Super. 510, 520 (App. Div. 2012). The panel concluded that the Moran sentencing factors, Moran supra, 202 N.J. at 328-29, provided the controlling guidance in arriving at an appropriate sentence.

The panel distinguished this case from Moran by noting that Moran involved a charge for reckless driving, which is a more serious offense than careless driving. Palma, supra, 426 N.J. Super. at 517. Moreover, in Moran, no custodial sentence was

4

imposed, only a period of license suspension. Moran, supra, 202 N.J. at 315. The panel also concluded that "[j]udges may only impose a license suspension or custodial sentence in careless driving cases that present aggravating circumstances," and such circumstances must come from "evidential sources in the record, which shall be recited in the judge's factual findings." Palma, supra, 426 N.J. Super. at 519.

The Appellate Division rejected the Law Division's use of the Criminal Code factors to justify the custodial sentence. Id. at 517. The panel then vacated defendant's sentence and held that the Moran factors were "equally apt in determining whether to impose a custodial sentence in this matter" as they were to impose a license suspension in Moran. Id. at 518.

The State petitioned for certification. We granted the petition. 213 N.J. 45 (2013).

### III.

The State argues on its appeal that the Appellate Division incorrectly interpreted Moran, conflating the statutory language of the reckless driving statute with that of the careless driving statute. The State contends that the reckless driving statute, at issue in Moran, contains a "willful violation" provision, necessitating a finding of "aggravating circumstances" in order to impose a license suspension. However, the careless driving statute has no such provision, and

5

thus, no requirement of aggravated carelessness as a prerequisite to the imposition of the fifteen-day custodial term. The State also argues that the Appellate Division substituted its own judgment for the judgment of the sentencing court contrary to State v. Blackmon, 202 N.J. 283, 297 (2010). The State contends the Appellate Division improperly held that the victim's death, the ultimate result of defendant's careless conduct, could not, "in and of itself[, be] dispositive of whether a custodial sentence should be imposed." See Palma, supra, 426 N.J. Super. at 520.

Finally, the State argues that the Appellate Division improperly imposed an inordinately high burden on the municipal judge to establish a record gleaned only from evidential sources. The State argues that requiring the municipal judge to rely solely on evidential sources is contrary to this Court's directive that sentencing courts "'consider all relevant information, including hearsay, unrestrained by the rules of evidence.'" State v. Natale, 184 N.J. 458, 486 (2005) (quoting State v. Davis, 96 N.J. 611, 619-20 (1984)).

Defendant argues that the appropriate sentencing guideline for a careless driving case in which a fatality occurs should be derived from State v. Zucconi, 93 N.J. Super. 380 (App. Div.), aff'd on other grounds, 50 N.J. 361 (1967). Defendant argues that the Law Division and municipal court judges erroneously

6

ignored Zucconi and each used "different guidelines in an attempt to 'make law' on an ad hoc, outcome-determinative basis." Defendant also argues that "[b]ased on Zucconi and Moran, it is clear that something beyond mere carelessness is required before jail [sic] can be imposed." Defendant argues that "[e]ven if the carelessness results in a fatal accident, the driver should expect nothing more than a moderate fine." Defendant urges the Court to adopt Zucconi's rationale as the uniform standard for careless driving cases and find that defendant should not be jailed for the offense because she "was guilty of nothing else beyond mere carelessness."

In the alternative, defendant argues that even if the Court finds that the holding in State v. Henry, 418 N.J. Super. 481 (Law Div. 2010), adopting the Criminal Code factors, should apply to this case, the Law Division nevertheless misapplied the factors based upon an incomplete municipal record. In reaching the conclusion that a fifteen-day custodial term was appropriate, the Law Division judge relied in part on Henry.[1]

---

[1] The Henry case was decided several months after the Moran decision was announced. The Law Division judge in Henry, on a de novo review, imposed sentence on a defendant upon a third driving under the influence (DUI) conviction. The judge relied on the Criminal Code sentencing factors N.J.S.A. 2C:44-(a)(1) to -(b)(13) in arriving at the appropriate sentence, concluding that these factors provide a comprehensive structure for sentencing decisions in certain motor vehicle cases. Id. at 488-89.

Defendant's arguments also challenge the actions of the municipal court judge.  However, appellate review of a municipal appeal to the Law Division is limited to "the action of the Law Division and not that of the municipal court."  State v. Joas, 34 N.J. 179, 184 (1961); State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001).  For that reason, we do not consider defendant's arguments in respect of the municipal court judge's actions.

IV.

The issue in this case involves the propriety of a custodial sentence given the facts presented.  The traffic offense at issue here is careless driving, which is defined as follows:

> A person who drives a vehicle carelessly, or without due caution and circumspection, in a manner so as to endanger, or be likely to endanger, a person or property, shall be guilty of careless driving.
>
> [N.J.S.A. 39:4-97.]

In New Jersey, custodial sentences for criminal and quasi-criminal violations are governed by different codes depending on the classification of the offense.  Sentencing for convictions for murder, first-, second-, third- or fourth-degree crimes, as well as disorderly persons offenses and petty disorderly persons offenses, are governed by the New Jersey Code of Criminal Justice (Criminal Code), N.J.S.A. 2C:1-1 to 104-9.  Offenses

8

arising from violations of motor vehicle and traffic regulations are governed by the Motor Vehicle Code N.J.S.A. 39:1 to 13-8. In this category of cases, custodial terms and license suspensions are characterized as consequences of magnitude. Moran, supra, 202 N.J. at 325; State v. Laurick, 120 N.J. 1, 8, cert. denied, 498 U.S. 967, 111 S. Ct. 429, 112 L. Ed. 2d 413 (1990). As a general matter, "proceedings involving motor vehicle violations in the municipal courts are quasi-criminal in nature." State v. Dively, 92 N.J. 573, 585 (1983).

In reviewing the appropriateness of a sentence, one of the principal goals, under either the Criminal Code or Motor Vehicle Code, is the elimination of disparity in order to ensure uniformity and predictability. The objective is to treat all offenders in similar situations in the same manner. "Random and unpredictable sentencing is anathema to notions of due process." Moran, supra, 202 N.J. at 326 (citing United States v. Batchelder, 442 U.S. 114, 123, 99 S. Ct. 2198, 2204, 60 L. Ed. 2d 755, 764 (1979)). "[T]here can be no justice without a predictable degree of uniformity in sentencing." State v. Hodge, 95 N.J. 369, 379 (1984).

"This Court often has taken affirmative steps to ensure that sentencing and disposition procedures, whether authorized by statute or court rule, will not produce widely disparate results for similarly situated defendants." Moran, supra, 202

9

N.J. at 326-27 (citing State v. Brimage, 153 N.J. 1, 22-25 (1998) (ordering the Attorney General to promulgate new plea offer guidelines to ensure uniformity in inter-county sentencing); see also State v. Yarbough, 100 N.J. 627, 643-44 (1985) (adopting six criteria to guide the decision to sentence defendants concurrently or consecutively), cert. denied, 475 U.S. 1014, 106 S. Ct. 1993, 89 L. Ed. 2d 308 (1986) superseded in part by N.J.S.A. 2C:44-5; State v. Leonardis, 71 N.J. 85, 115-22 (1976) (requiring the implementation of a statewide pretrial intervention program that follows uniform guidelines and introducing procedures for judicial review to "alleviate existing suspicions about the arbitrariness of given decisions"), aff'd on reh'g, 73 N.J. 360, 366-67 (1977)).

The leading case in New Jersey with respect to sentencing guidelines or principles in Motor Vehicle Code cases is Moran. In Moran, supra, defendant Laura Moran represented herself and was found guilty in a municipal court of reckless driving, N.J.S.A. 39:4-96, as well as other motor vehicle offenses. 202 N.J. at 316-18. The municipal court judge reviewed Moran's history of numerous motor vehicle infractions and suspended Moran's driving privileges for forty-five days pursuant to N.J.S.A. 39:5-31. Id. at 318. This section "empowers the court to suspend a defendant's license." Ibid. This sentence enhancer applies when a defendant has been found guilty of a

willful violation of certain offenses, including reckless driving.  N.J.S.A. 39:5-31.

Moran, represented by appointed counsel, appealed to the Law Division.  Moran, supra, 202 N.J. at 318.  After a trial de novo, the Law Division judge upheld Moran's reckless driving conviction and imposed the same sentence, finding that her willful violation of the reckless driving statute, combined with her past driving infractions, justified the license suspension. Ibid.  On appeal, the Appellate Division affirmed.  Id. at 319.

This Court granted Moran's petition for certification, vacated the forty-five-day period of license suspension, and remanded to the municipal court for resentencing.  Id. at 330. The Court rejected a constitutional challenge to the sentencing-enhancer provision, N.J.S.A. 39:5-31, by rejecting defendant's claim that she was not given "fair notice" of a potential license suspension for reckless driving.  Id. at 320.

The Court directed that the sentencing court consider seven factors in determining a new sentence.  Id. at 328-29.  These factors are as follows:

> [1] the nature and circumstances of the defendant's conduct, including whether the conduct posed a high risk of danger to the public or caused physical harm or property damage;
>
> [2] the defendant's driving record, including the defendant's age and length of time as a licensed driver, and the number,

seriousness, and frequency of prior infractions;

[3] whether the defendant was infraction-free for a substantial period before the most recent violation or whether the nature and extent of the defendant's driving record indicates that there is a substantial risk that he or she will commit another violation;

[4] whether the character and attitude of the defendant indicate that he or she is likely or unlikely to commit another violation;

[5] whether the defendant's conduct was the result of circumstances unlikely to recur;

[6] whether a license suspension would cause excessive hardship to the defendant and/or depend[e]nts; and

[7] the need for personal deterrence.

[Ibid.]

The Court also held that "[a]ny other relevant factor clearly identified by the court" may also be considered. Id. at 329. Thus, Moran allows the flexibility of a case-specific factor.

In addition, the Court explained that the analysis need not be based on the quantity of the factors identified in any given case, but instead on the weight each factor or factors is given. Ibid. Also, the sentencing courts are required to articulate their reasoning when imposing a license suspension so as to "enhance appellate review and . . . further safeguard against arbitrariness in sentencing." Id. at 329-30.

12

By outlining the above framework in Moran, the Court implicitly rejected that part of the Appellate Division's decision in Moran that suggested utilizing the Criminal Code sentencing factors in order to determine the imposition or length of suspension.

V.

As we did in Moran, in deciding this appeal, we exercise our supervisory function in order to provide guidance for the municipal courts and Law Division judges in fashioning a sentence for those convicted of careless driving. N.J. Const. art. VI, § 2, ¶ 3.

We are mindful that this case differs from Moran in two respects. First, this is a careless driving case. Therefore, the N.J.S.A. 39:5-31 sentencing enhancer for a willful violation of reckless driving does not apply. Second, here defendant challenges a custodial sentence, not a license suspension. The holding in Moran introduced the concept of using certain enumerated factors or principles when imposing a consequence of magnitude in a motor vehicle conviction case. We conclude that holding should be extended to include sentencing for careless driving, which carries a potential custodial term. As a result, municipal court and Law Division judges should consider the factors outlined in Moran when they decide whether to impose a license suspension and/or a custodial sentence. Consistent with

13

our reasoning in Moran rejecting the suggestion that the Criminal Code sentencing factors are appropriate in determining whether or not to impose a period of suspension, we hold that the Criminal Code sentencing factors per se are not to be used in determining whether or not a custodial term should be imposed for a careless driving conviction.

Sentencing guidance is needed when the range of sentencing options varies from a fine to a ninety-day county jail term. All careless driving situations are not the same, even if each offense meets the same statutory elements. On a "scale of opprobriousness," some offenses will weigh in at the highest end of the scale, while others do not. State v. Jefimowicz, 230 N.J. Super. 42, 53 (App. Div. 1989), aff'd in part, rev'd in part, 119 N.J. 152 (1990). Therefore, in order to promote the goals of predictability and elimination of disparity, we conclude that the Moran factors should be used to guide sentencing decisions in careless driving convictions.

We also conclude that the Criminal Code sentencing factors, N.J.S.A. 2C:44-1(a)(1) to (b)(13), should not be used as guidance in sentencing decisions for careless driving convictions. Careless driving is not a crime but rather a petty offense. Palma, supra, 426 N.J. Super. at 517 (citing State v. Hammond, 118 N.J. 306, 311-12 (1990)).

14

It is clear from the existing case law that the Legislature and this Court have expressed an intent to keep motor vehicle violations separate and apart from criminal convictions. This Court has so stated this intent in the context of DUI convictions. See, e.g., State v. Schreiber, 122 N.J. 579, 584-85 (1991) (concluding that a violation of the DUI statute is not a "crime" because motor vehicle violations are not "criminal" offenses but merely petty offenses). That same analysis applies to careless driving, reckless driving, and other Title 39 convictions that carry the potential for a custodial sentence.

With respect to what other information the sentencing judge should consider in fashioning a sentence, we note that "[i]n sentencing, our trial courts consider all relevant information, including hearsay, unrestrained by the rules of evidence." Natale, supra, 184 N.J. at 486 (citing Davis, supra, 96 N.J. at 619-20). "The whole person concept authorizes the sentencing court to comprehend in its deliberations a wide range of information that might otherwise be excluded by evidentiary norms." State v. Humphreys, 89 N.J. 4, 14 (1982) (citing State v. Green, 62 N.J. 547, 566 (1973)). However, "[a]ny such information must come before the court in the due course of its proceedings and the sentencing court should take care to prevent extraneous material from seeping into the process, even if a matter of personal knowledge." Ibid. (emphasis added) (citing

15

State v. Gattling, 95 N.J. Super. 103, 111 (App. Div.), certif. denied, 50 N.J. 91 (1967)).

## VI.

The judgment of the Appellate Division is affirmed as modified and the matter is remanded to the municipal court for proceedings in accordance with this opinion.

CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA; ALBIN, PATTERSON, and FERNANDEZ-VINA join in JUDGE RODRÍGUEZ's opinion. JUDGE CUFF (temporarily assigned) did not participate.

16

SUPREME COURT OF NEW JERSEY

NO.    A-41                              SEPTEMBER TERM 2012

ON CERTIFICATION TO        Appellate Division, Superior Court


STATE OF NEW JERSEY,

        Plaintiff-Appellant,

                v.

DIANA M. PALMA,

        Defendant-Respondent.


DECIDED              September 30, 2014
                Chief Justice Rabner            PRESIDING
OPINION BY              Judge Rodríguez
CONCURRING/DISSENTING OPINIONS BY
DISSENTING OPINION BY


| CHECKLIST | AFFIRM/REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUDGE RODRÍGUEZ (t/a) | X | |
| JUDGE CUFF (t/a) | ----------------------- | -------------------- |
| TOTALS | 6 | |

1