**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5140-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JEANNETTE M. BRADBURY,

    Defendant-Appellant.

_____

Argued September 22, 2021 – Decided October 1, 2021

Before Judges Mayer and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 17-22.

Matthew W. Reisig argued the cause for appellant (Reisig Criminal Defense & DWI Law, LLC, attorneys; Matthew W. Reisig, on the brief).

Cheryl L. Hammel argued the cause for respondent (Bradley D. Billhimer, Ocean County Prosecutor, attorney; Samuel Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Jeannette M. Bradbury appeals from a June 14, 2019 Law Division order denying a petition for post-conviction relief (PCR) based on her conviction for driving while intoxicated (DWI) after a de novo review of the record from the municipal court proceeding in accordance with Rule 3:23-8. We affirm.

We recite the facts relevant to defendant's PCR petition. During the municipal court trial, the arresting officer, Sergeant James F. Sharkey, Jr., testified. According to Sharkey, on October 20, 2011, he stopped defendant's car after observing her driving erratically. When Sharkey asked for defendant's driving credentials, he detected an odor of alcohol. Defendant admitted she had one drink prior to getting into her car. The sergeant then asked defendant to perform several field sobriety tests, including the horizontal gaze nystagmus test, walk-and-turn test, and one-legged stand test. According to Sharkey, defendant performed poorly on all three tests. Based on his observations and defendant's inability to successfully complete the sobriety tests, the sergeant arrested defendant for DWI.

After being taken to the police station and given her Miranda rights, defendant volunteered she consumed five drinks prior to driving. She agreed to submit to an Alcotest at the police station.

Prior to the municipal court trial, counsel agreed the results of the Alcotest would not be scientifically reliable and, therefore, trial evidence would be based on the psychophysical tests only and Sergeant Sharkey's testimony.

Defendant testified before the municipal court judge. She claimed the sergeant's testimony was flawed and the events were not as he testified. However, defendant admitted telling Sergeant Sharkey she consumed a gin and tonic prior to driving and knew the officer was following her car. She testified to fumbling for her inhaler at the time, causing it to appear she was driving erratically.

The municipal court judge found Sergeant Sharkey's testimony credible because the sergeant had conducted more than 200 drunk driving arrests and had significant training and experience identifying individuals who exhibited signs of driving under the influence. On the other hand, the municipal court judge did not find defendant's version of the events credible.

Based on Sergeant Sharkey's testimony, the municipal judge found defendant guilty of DWI, her second such conviction. She was sentenced to two years loss of driving privileges, two years ignition interlock, thirty days community services, and related monetary penalties and fines. The municipal judge also sentenced defendant to jail time.

A-5140-18

On January 3, 2017, almost five years after her second DWI conviction, defendant filed a PCR petition before the municipal court judge.[1] She subsequently filed an amended PCR petition on June 28, 2017. In support of her petition, defendant filed an affidavit expressing her belief that "an expert witness at the time of trial would have resulted in an acquittal of her DWI." She claimed to have paid for an expert but said the expert did not testify during the municipal court proceeding. In addition, she contended no one told her the public defender could apply for funding in municipal court to pay for an expert on her behalf.

On July 26, 2017, the municipal court judge denied the PCR petition. He found the public defender could have applied for money to retain an expert and the municipality would have been obligated to pay for the expert. However, the municipal court judge based his decision on the observations of Sergeant Sharkey and the judge's evaluation of the credibility of the witnesses at the time of trial. The municipal court judge concluded there was nothing "an expert witness could have [ ] supplied in a trial that would have changed the [c]ourt's determination as to the observations that were made by the officer and that the [c]ourt relied upon . . . in convicting [defendant] of driving while intoxicated."

---

[1] She did not file a direct appeal challenging the DWI conviction.

Thus, he determined the availability of publicly available funds for defendant to retain an expert was irrelevant and "there [was] no demonstration that there was any prejudice to [defendant] whatsoever, because the [c]ourt's determination was made based on the testimony supplied."

Defendant filed a municipal appeal from the denial of her PCR petition. She then moved to change venue from Ocean County. In seeking a change in venue, defendant asserted there was a conflict of interest involving the Ocean County Prosecutor's office (OCPO) because one of her assigned public defenders was currently employed by the OCPO and her other assigned public defender was employed as a domestic violence hearing officer for the Ocean County Superior Court.

The Law Division judge denied the request for a change of venue. The judge found no conflict of interest because defendant's original public defender "could effectively be screened from participation in [d]efendant's PCR" and the current employment of defendant's second public defender "would have no bearing on the Ocean County Prosecutor's Office objective responsibility of handling this matter."

A different Law Division judge was assigned to handle defendant's municipal appeal from the denial of her PCR petition. He conducted a trial de

novo on May 29, 2019. In a six-page written decision, the Law Division judge found defendant met the first prong in support of her ineffective counsel claim. He agreed "the public defenders should have made a request to the municipal court for funds to allow [d]efendant to retain an expert to render a written opinion and to testify at trial." However, the Law Division judge found defendant failed to satisfy the second prong in support of her ineffective assistance of counsel claim. In denying defendant's PCR petition, the Law Division judge wrote,

> [T]he "but for" prong cannot be met by [d]efendant. Defendant's claim rests on demonstrating that had funding for an expert witness been obtained and that expert testified at trial, the outcome would have resulted in an acquittal, not a conviction. The facts of this case simply do not support that conclusion. This case did not involve [a motor vehicle recording] and the Alcotest results were stipulated [to be] unreliable at the outset of trial. Defendant was convicted based solely on the observations made by Sergeant James Sharkey during the motor vehicle stop and the administration of the field sobriety tests.

Regarding credibility, the Law Division judge found Sharkey's testimony credible. However, he found "[d]efendant's testimony to be entirely incredible. Defendant's testimony stretched credulity beyond the breaking point."

The Law Division judge also determined to acquit defendant "an expert would have had to opine rebutting or undermining Sharkey's testimony in its

entirety." Given Sergeant Sharkey's "extensive experience and training, his credibility in this matter, [d]efendant's unsatisfactory performance regarding the [field sobriety tests] and [d]efendant's entirely incredible testimony, the [c]ourt finds no expert would have been able to render an opinion to secure an acquittal." Consequently, the judge concluded defendant's PCR petition failed to satisfy the second prong of the State v. Fritz[2] test and defendant could not prevail on her ineffective assistance of counsel claim.

On appeal, defendant raises the following arguments:

Point I

> DEFENDANT'S PCR TRIAL DE NOVO SHOULD HAVE BEEN GRANTED BY THE LAW DIVISION BELOW DUE TO THE UNPRECEDENTED COMBINED EFFECTS OF TWO DIFFERENT MUNICIPAL PUBLIC DEFENDERS DIRECTY CONTRAVENING THE EXPRESS DICTATES OF THE MUNICIPAL PUBLIC DEFENDER'S ACT PERTAINING TO EXPERT ANCILLARY SERVICES IN CONJUNCTION WITH THE MUNICIPAL COURT'S DIRECT KNOWLEDGE OF SAME, AND ACQUIESENCE TO SAME, WHICH CONSTITUTED AN EGREGIOUS VIOLATION OF BOTH HER PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS AFFORDED UNDER THE UNITED STATES CONSTITUTION AND NEW JERSEY CONSTITUTION, RESPECTIVELY.

---

[2] 105 N.J. 42, 53-58 (1987).

Point II

THE LAW DIVISION SHOULD HAVE GRANTED DEFENDANT AN EVIDENTIARY HEARING DURING THE PCR TRIAL DE NOVO SINCE BOTH THE LETTER MEMORANDUM IN SUPPORT OF HER PCR AND THE ORAL ARGUMENT ADVANCED DURING THE TRIAL DE NOVO ITSELF CLEARLY SATISFIED THE THREE FACTORS ENUNCIATED IN STATE v. PORTER TO REQUIRE SAME.

Point III

THE FACT THAT THE LAW DIVISION JUDGE WHO PRESIDED OVER DEFENDANT'S PCR TRIAL DE NOVO WORKED PREVIOUSLY IN THE SAME VICINAGE ASSIGNED TO THE FAMILY PART AND PRESIDED OVER CONTESTED FINAL RESTRAINING ORDER (FRO) HEARINGS AT THE SAME TIME THAT MUNICIPAL PROSECUTOR [TWO] WORKED IN THE SAME FAMILY PART AS A DOMESTIC VIOLENCE HEARING OFFICER CONSTITUTED AN APPEARANCE OF A CONFLICT OF INTEREST SUCH THAT DEFENDANT'S NOTICE OF MOTION FOR CHANGE OF VENUE REGARDING HER PCR TRIAL DE NOVO SHOULD HAVE BEEN GRANTED BELOW. THIS IS PARTICULARLY SO SINCE THE UNDERLYING PCR TRIAL DE NOVO WAS SPECIFICALLY ALLEGING THAT MUNICIPAL PROSECUTOR [TWO] COMMITTED INEFFECTIVE ASSISTANCE OF COUNSEL IN THE VERY MATTER PENDING BEFORE THE LAW DIVISION.

"[A]ppellate review of a municipal appeal to the Law Division is limited to 'the action of the Law Division and not that of the municipal court.'" State v. Hannah, 448 N.J. Super. 78, 94 (App. Div. 2016) (quoting State v. Palma, 219 N.J. 584, 591-92 (2014)). "In reviewing a trial court's decision on a municipal appeal, we determine whether sufficient credible evidence in the record supports the Law Division's decision." State v. Monaco, 444 N.J. Super. 539, 549 (App. Div. 2016). We must "determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). "When the reviewing court is satisfied that the findings and result meet this criterion, its task is complete and it should not disturb the result . . . ." Ibid.

We first consider defendant's argument she established a prima case of ineffective assistance of counsel and, therefore, was entitled to an evidentiary hearing. We disagree.

Here, defendant was not entitled to an evidentiary hearing because she was unable to establish a prima facie case of her ineffective assistance of counsel by satisfying both prongs of the analysis under Strickland v. Washington, 466 U.S. 668 (1984) and Fritz. See State v. Preciose, 129 N.J. 451, 462-63 (1992). The two-part test governing an ineffective assistance of counsel claim required

defendant to show the performance of her public defender was so deficient as to violate her right to counsel. Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). The second prong of the Fritz test required defendant to demonstrate "but for" the ineffective assistance of her public defender the outcome of the trial would have been different. Ibid. (quoting Strickland, 466 U.S. at 694).

The Law Division judge found defendant met the first prong because her public defender failed to apply to the municipal court for public funds to retain an expert to testify at trial on defendant's behalf. However, to prevail on an ineffective assistance of counsel claim, defendant must satisfy both prongs. The Law Division judge determined "defendant made only a bald assertion that if a defense expert witness testified, [d]efendant would have been acquitted" and such a "bald assertion is not sufficient to meet the requirements of the 'but for' prong of the Fritz analysis." See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Further, the Law Division judge concluded the "but for" prong could not have been met even if defendant had an expert because her conviction was based on Sergeant Sharkey's observations and the results of the field sobriety tests. Defendant failed to proffer what evidence, if any, an expert would have presented to overcome the credible testimony of Sergeant Sharkey regarding his

observations of defendant and her poor performance on each of the administered field sobriety tests.

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-(3)(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5140-18