**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3711-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

STACY D. JACKSON,

     Defendant-Appellant.

---

Submitted September 25, 2024 – Decided October 28, 2024

Before Judges Marczyk and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Municipal Appeal No. 22-034-F.

Caruso Smith Picini, PC, attorneys for appellant (Thomas M. Rogers, of counsel and on the brief).

Robert J. Carroll, Morris County Prosecutor, attorney for respondent (Erin Smith Wisloff, Legal Assistant, on the brief).

PER CURIAM

Defendant Stacy Jackson appeals from the Law Division's June 19, 2023 order finding him guilty, following de novo review of the municipal court appeal, of failing to observe a stop sign, N.J.S.A. 39:4-144.  Based on our review of the record and the applicable legal principles, we affirm.

I.

In December 2018, defendant was charged with failure to observe a stop sign, N.J.S.A. 39:4-144, and careless driving, N.J.S.A. 39:4-97.[1]  A trial was subsequently conducted in the Chester Municipal Court.  Officer Matthew Hill, of the Roxbury Township Police Department, testified that on the evening of December 17, 2018, he was patrolling Route 46 West in Roxbury when he observed a vehicle which appeared to be an SUV "completely disregard[] the stop sign" at Mount Arlington Road and "roll[] through the stop sign."  He stated that he had a clear view with "no obstructions" of the violation, which occurred approximately 200 feet in front of him.

According to Officer Hill, the stop sign was located five to ten feet behind the intersection, and the vehicle did not stop at the stop sign.  He further testified defendant's SUV made a right onto Route 46 and continued driving without

---

[1] Defendant was also charged with obstruction of justice, N.J.S.A. 2C:29-l(a), which was dismissed by the assignment judge as de minimis prior to the trial.

A-3711-22

yielding to oncoming traffic, and he noted that there was another vehicle in between his patrol cruiser and defendant's SUV when the turn occurred.

Officer Hill stated that he followed the SUV until he could make a motor vehicle stop. He testified that after conducting the motor vehicle stop, he identified defendant as the driver of the SUV and issued him two summonses.

On cross-examination, Officer Hill acknowledged that although he did not see the stop sign on the night in question, he was aware of the stop sign's location based on his nine years of experience as a Roxbury Township police officer and his familiarity with the area because he traveled that road daily. He testified that he was not sure which lane he was in when he observed the alleged traffic violations. He agreed that the best vantage point to observe the alleged violations that occurred at the intersection would have been the left lane. He testified that he could not state whether or not his vantage point was compromised by the angle from which he observed the alleged violations. He further agreed that he assumed, based on his experience in patrolling that area, defendant went through the stop sign. No other witnesses testified.

In rendering its decision, the municipal court noted the officer was very candid in testifying that he could not see the stop sign from his vantage point but knew that the stop sign was there due to his familiarity with the area. It

3

noted the officer testified he observed defendant's SUV fail to stop and proceed onto Route 46, causing another car to apply its brakes. The municipal court further observed that the officer was very credible in his testimony. Specifically, it noted that Officer Hill was credible regarding his ability to see the area in question, that a stop sign was located at the intersection, and that defendant failed to stop at the stop sign. Accordingly, it found defendant guilty of violating N.J.S.A. 39:4-144 by running the stop sign.[2]

After defendant appealed, on June 19, 2023, the Law Division conducted a de novo review of the municipal court proceeding. The Law Division also found Officer Hill was "very credible," stating "this [c]ourt's review of the trial transcript . . . independently confirms Officer Hill's credibility insofar as his testimony was candid, he answered all questions directly, . . . he was not evasive . . . [and his] testimony on direct, cross, and redirect was consistent." Additionally, the Law Division found there was no material contradiction between Officer Hill's testimony from his police report and the related civil matter.

---

[2] The court found defendant not guilty of the careless driving charge, finding N.J.S.A. 39:4-144 contemplated all of defendant's actions under the facts in this matter.

A-3711-22

The Law Division further found, based on Officer Hill's credible testimony:

> Officer Hill was patrolling Route 46 West [when] . . . . [he] observed [defendant's] vehicle disregard a stop sign by rolling through the stop sign at the intersection of Route 46 and Mount Arlington Road and then making a right-hand turn onto Route 46 and pulling out in front of a car . . . without yielding which . . . forced [the car] to slow down . . . .
>
> . . . Officer Hill was approximately 100 feet behind the car that was forced to slow down and approximately 200 feet [a]way from the intersection of Route 46 West and Mount Arlington Road where he observed [defendant] commit the traffic infraction . . . .
>
> Officer Hill had a clear view of [defendant's] automobile . . . in the area where [defendant] turned from Mount Arlington Road onto Route 46 and there . . . were no obstructions . . . .
>
> Officer Hill's credible testimony confirms that [defendant] went through the stop sign without stopping and made a right onto Route 46 and did not yield to oncoming traffic . . . .
>
> While Officer Hill's testimony confirms that he could not actually see the stop sign from his vantage point as he traveled west on Route 46 towards Mount Arlington Road[,] Officer Hill testif[ied] credibly and this [c]ourt finds that Officer Hill knew of the existence of the stop sign and . . . the location of the stop sign slightly set back from the intersection of Route 46 and Mount Arlington Road based upon his nine plus years of patrolling[,] during which he saw the stop sign hundreds of times and that he did not see [defendant]

5

stop at that location where he knew the stop sign to be
. . . .

Likewise, this [c]ourt finds that the stop sign was in place on December 17[] at 9:30 p.m. based on Officer Hill's unrefuted testimony that there was a stop sign at the intersection of Mount Arlington Road and [Route] 46 before and after the December 17[], 2018 traffic stop, and there were no [Department of Public Works] requests to replace a stop sign at that location.

The Law Division found defendant guilty beyond a reasonable doubt of failure to come to a complete stop at a stop sign, N.J.S.A. 39:4-144.[3]

II.

Defendant raises the following points on appeal:

POINT ONE

THE LAW DIVISION ERRED IN FINDING THE OFFICER CREDIBLE ON THE BASIS OF CONSISTENCY OF HIS TESTIMONY IN BLATANT DISREGARD OF THE EVIDENCE ADDUCED AT TRIAL.

POINT TWO

THE LAW DIVISION COMMITTED REVERSIBLE ERROR INSOFAR AS ITS REASONING DEFIES LOGIC AND IGNORES FACTS WHICH SUPPORT ACQUITTAL.

---

[3] Defendant was ordered to pay $100 in fines, $33 in court costs, and $7 in assessments.

POINT THREE

THE LAW DIVISION COMMITTED REVERSIBLE
ERROR BY FAILING TO PROPERLY APPLY THE
STANDARD OF EVIDENCE BEYOND A
REASONABLE DOUBT.

Traffic violations start in municipal court, which has jurisdiction over "[v]iolations of the motor vehicle and traffic laws."  N.J.S.A. 2B:12-17(b). Generally, motor vehicle and traffic offense prosecutions are quasi-criminal in nature, and the State has the burden of establishing all elements of the offense beyond a reasonable doubt.  See State v. Palma, 219 N.J. 584, 592 (2014); see also State v. Kuropchak, 221 N.J. 368, 382 (2015) (requiring proof beyond a reasonable doubt for a DWI conviction).  If a municipal court convicts a defendant of a traffic offense, the defendant must first appeal to the Law Division.  R. 3:23-1 to -2.

In the Law Division, the judge "may reverse and remand for a new trial or may conduct a trial de novo on the record below."  R. 3:23-8(a)(2).  "At a trial de novo, the [Law Division] makes its own findings of fact and conclusions of law but defers to the municipal court's credibility findings."  See State v. Robertson, 228 N.J. 138, 147 (2017).

As such, our standard of review is a deferential one.  State v. Locurto, 157 N.J. 463, 474 (1999).  As the Court there observed, "the rule of deference is

more compelling where . . . two lower courts have entered concurrent judgments on purely factual issues." Ibid. The Court further noted that "[u]nder the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. Where a defendant is convicted in the Law Division and seeks reversal in the Appellate Division, "the State no longer has the burden of proof[,] [and] [a]ppellate review instead focuses on whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." Robertson, 228 N.J. at 148 (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). As the Court in Robertson stated:

> The differences[—]between . . . convictions in municipal court and the Law Division[—]matter. After the first conviction, the stage is set for a new trial, where the defendant retains the presumption of innocence; after the second, a defendant loses the cloak of innocence and stands convicted—ready to challenge that determination on appeal.
>
> [Ibid.]

Appellate review of a de novo proceeding in the Law Division following an appeal from the municipal court is "exceedingly narrow." Locurto, 157 N.J. at 470. In general, "appellate review of a municipal appeal to the Law Division is limited to 'the action of the Law Division and not that of the municipal court.'"

State v. Hannah, 448 N.J. Super. 78, 94 (App. Div. 2016) (quoting Palma, 219 N.J. at 591-92). However, appellate review of a trial court's legal determination is plenary. See Kuropchak, 221 N.J. at 383.

Defendant contends the Law Division failed to consider the inconsistencies in the record which undermine the officer's credibility. More particularly, defendant asserts because the officer did not see the stop sign on the night in question, despite his testimony that he observed defendant completely disregard the stop sign, the Law Division erred in its findings. Moreover, defendant argues that contrary to the Law Division's findings, the officer did not have an "unobstructed" view of the intersection of Mount Arlington Road and Route 46 when he purportedly observed defendant disregarding the stop sign. Lastly, defendant maintains the State failed to prove, beyond a reasonable doubt, that defendant violated N.J.S.A. 39:4-144 because the officer only assumed there was a stop sign at the subject intersection and did not observe defendant fail to stop at the stop sign that evening.

Defendant's arguments are unavailing. We affirm substantially for the reasons set forth in the Law Division's cogent decision. We offer the following brief comments.

Defendant was convicted of violating N.J.S.A. 39:4-144, which, in pertinent part, provides:

> No driver of a vehicle . . . shall enter upon or cross an intersecting street marked with a "stop" sign unless:
>
> > a. The driver has first brought the vehicle . . . to a complete stop at a point within five feet of the nearest crosswalk or stop line marked upon the pavement at the near side of the intersecting street and shall proceed only after yielding the right of way to all vehicular traffic on the intersecting street which is so close as to constitute an immediate hazard.

The Law Division independently found Officer Hill's testimony was credible based on a review of the direct, cross, and redirect examination. The court also determined there were no material contradictions between the officer's trial testimony and his deposition in a related civil case. Despite Officer Hill acknowledging he did not see the actual stop sign at the time of defendant's violation, the Law Division noted he "credibly" testified that he was aware of the stop sign at the intersection based on his nearly ten years of experience patrolling in the area in which he observed the stop sign "hundreds of times."

We conclude there was sufficient credible evidence in the record to support the Law Division's findings. Having considered defendant's arguments

in light of the record, we are unconvinced defendant has demonstrated an "obvious [or] exceptional showing of error." Robertson, 228 N.J. at 148.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3711-22