**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2089-24

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

CARL A. BOATENG,

 Defendant-Appellant.

_____

> Submitted December 3, 2025 – Decided June 22, 2026
>
> Before Judges Currier and Smith.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Municipal Appeal No. MA-2024-14.
>
> Leon Matchin LLC, attorneys for appellant (Marc Mangano, on the brief).
>
> Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Carl A. Boateng appeals the Law Division's denial of his motion to vacate his guilty plea, entered in municipal court, for driving while intoxicated (DWI), N.J.S.A. 39:4-50. Defendant argues pursuant to Rule 7:6-2(a)(1) that his guilty plea should be vacated because: his factual admissions during the plea colloquy were insufficient to establish the necessary elements of N.J.S.A. 39:4-50; and his plea was not entered knowingly and voluntarily. We affirm.

I.

Defendant was arrested and charged with DWI. Defendant then appeared in Newark Municipal Court with counsel, and pled guilty to a first-offense DWI. Before pleading guilty defendant stipulated to a blood-alcohol reading of 0.08%. The State dismissed three other tickets as part of defendant's guilty plea. Before defendant entered his plea, the following exchange took place between the court and defendant:

> THE COURT: All right. You discussed this case with your lawyer? You want to plead guilty to the one [sic] charge as indicated?
>
> DEFENDANT: Yes, Your Honor.
>
> THE COURT: Has your attorney explained to you there's certain penalties I have no choice but to impose?
>
> DEFENDANT: Yes, Your Honor.

2

THE COURT: And you fully and completely understand those penalties?

DEFENDANT: Yes, Your Honor.

THE COURT: Is anybody forcing you or making you plead guilty at this time?

DEFENDANT: No, Your Honor.

THE COURT: You have any questions for me, any questions for your lawyer before I accept your plea of guilty?

DEFENDANT: No, Your Honor.

THE COURT: Are you under the influence of any alcohol or anything at this time that might impair or cloud your judgment?

DEFENDANT: No, Your Honor.

Next, the municipal court took testimony from defendant regarding the factual basis for his plea:

THE COURT: I call your attention to October 31st of 2020. Were you operating a motor vehicle in the City of Newark that day?

DEFENDANT: Yes, Your Honor.

THE COURT: Before you did so, did you consume any alcohol?

DEFENDANT: Yes, Your Honor.

A-2089-24

THE COURT: What did you have to drink, if you recall?

DEFENDANT: I had Bacardi, Your Honor.

THE COURT: How much would you say you had?

DEFENDANT: I had approximately five shots.

. . . .

THE COURT: And after drinking those five shots of Bacardi, you got behind the wheel of a motor vehicle? You drove the vehicle?

DEFENDANT: Yes, sir.

THE COURT: You admit the Bacardi you consumed that day impaired your ability to drive? You were intoxicated? You should not have been driving because of the alcohol you consumed?

DEFENDANT: Yes, Your Honor.

THE COURT: And do you recall being placed under arrest?

DEFENDANT: Yes, Your Honor.

THE COURT: You recall being give[n] a breath test?

DEFENDANT: Yes, Your Honor.

THE COURT: You understand you tested at a .08 BAC?

DEFENDANT: Yes, Your Honor.

4

THE COURT:  You accept that?

DEFENDANT:  Yes, Your Honor.

As part of the plea, defendant was sentenced to:  suspension of his driver's license until an interlock device was installed; driving with an interlock device installed for ninety days; twelve hours of Intoxicated Driver Resource Center classes; as well as fines and financial penalties.[1]  After imposing defendant's sentence, the municipal court informed defendant that if he incurred a second DWI offense, "in the next ten years [he] could lose [his] license for one and two years, go to jail for [ninety] days and be required to do [thirty] days of community service."

Over four years later, defendant moved to vacate his guilty plea in municipal court pursuant to Rule 7:6-2.  The municipal court denied the motion, finding no manifest injustice which would justify vacating the fifty-two-month-old plea.  Five months later, defendant filed a municipal appeal to the Law Division.  Judge Arthur Batista heard the appeal and issued an order denying defendant's application on January 3, 2025.  Judge Batista made findings of fact

---

[1]  Fines and penalties imposed on defendant included a $257 fine, $33 in court costs, a $225 DWI surcharge, a $75 safe neighborhood services penalty, and a $50 payment to the Violent Crimes Compensation Board.

and conclusions of law in a succinct and cogent twenty-page written statement of reasons supporting the order.

In rejecting the appeal, Judge Batista first considered the municipal court record to determine whether there was a factual basis for the plea, and whether it was knowing and voluntary. Turning to Rules 3:9-2 and 7:6-2, Judge Batista determined:

> Upon de novo review of the record from the municipal court, this [c]ourt finds that the totality of circumstances demonstrate that [defendant] knowingly and voluntarily pled guilty to violating N.J.S.A. 39:4-50 by operating a vehicle while impaired and intoxicated after consuming alcohol. The [defendant] has failed to present anything to this court indicating otherwise. He understood the elements of the offense, his rights and the mandatory penalties associated with a first offense.
>
> This [c]ourt also finds there was a sufficient factual basis to find [defendant] guilty of driving under the influence of alcohol. During the plea colloquy, the [defendant] admitted to drinking "approximately five shots" of Bacardi (rum) and then operating a motor vehicle. He admitted that the alcohol he consumed impaired his ability to drive, that he was intoxicated and that he should not have been driving because of the alcohol he consumed.

A-2089-24

After finding there was an adequate factual basis for defendant's plea, Judge Batista turned to application of the Slater[2] factors to address voluntariness. Applying the four factors, Judge Batista found defendant failed to make a showing as to any of them, stating: "the [d]efendant has failed to assert a colorable claim of innocence,"; "the [defendant's] reasons for withdrawal . . . are unconvincing . . . and are contradicted by the record leading up to [defendant's] entry into the plea agreement . . .";  "there was a negotiated plea bargain in this case, wherein the State agreed to dismiss three other tickets . . ."; and "the particulars and facts readily demonstrate [withdrawal would result in unfair] prejudice to the State."

Defendant appeals the Law Division order, arguing the following:

> I. THE DEFENDANT'S PLEA MUST BE VACATED PURSUANT TO N.J. CT. R. 7:6-2(a)(1), FOR FAILING TO ESTABLISH THE DEFENDANT'S PLEA WAS KNOWING AND VOLUNTARY WITH A FACTUAL BASIS SUFFICIENT TO SATISFY THE ELEMENTS OF N.J.S.A. 39:4-50.
>
> II. THE FACTUAL BASIS PROVIDED BY THE DEFENDANT FAILED TO ESTABLISH BOTH THE "UNDER THE INFLUENCE" AND "PER SE" ELEMENTS OF N.J.S.A. 39:4-50, DRIVING UNDER THE INFLUENCE.

---

[2] State v. Slater, 198 N.J. 145, 157-58 (2009).

A-2089-24

III. THE DEFENDANT COULD NOT HAVE VOLUNTARILY AND KNOWINGLY ENTERED INTO A PLEA WITHOUT THE COURT ADDRESSING EXACTLY WHAT RIGHTS HE WAS SURRENDERING.

## II.

### A.

Under Rule 3:23-1, a decision from a municipal court would generally be appealed to the Law Division. See R. 7:13-1. On appeal, the Law Division "'may reverse and remand for a new trial or may conduct a trial de novo on the record below.'" State v. Robertson, 228 N.J. 138, 147 (2017) (quoting R. 3:23-8(a)(2)). At a trial de novo, "[t]he Law Division judge must make independent findings of fact and conclusions of law but defers to the municipal court's credibility findings." State v. Mellody, 479 N.J. Super. 90, 107 (App. Div. 2024).

Our "review of a municipal appeal to the Law Division is limited to the action of the Law Division and not that of the municipal court." State v. Hannah, 448 N.J. Super. 78, 94 (App. Div. 2016) (quoting State v. Palma, 219 N.J. 584, 591-92 (2014)) (internal quotation marks omitted). On appeal from a Law Division's trial de novo, we "focus[] on whether there is sufficient credible evidence . . . in the record to support the [Law Division's] findings." State v.

Zingis, 259 N.J. 1, 14 (2024) (alterations in original) (quoting Robertson, 228 N.J. at 148) (internal quotation marks omitted). "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of fact and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Mellody, 479 N.J. Super. at 108 (quoting State v. Locurto, 157 N.J. 463, 474 (1999)). "However, legal rulings are reviewed de novo and not afforded any deference." Zingis, 259 N.J. at 14.

## B.

"The standard of review of a trial court's denial of a motion to vacate a plea for lack of an adequate factual basis is de novo." State v. Urbina, 221 N.J. 509, 528 (2015) (quoting State v. Tate, 220 N.J. 393, 404 (2015)). "That is so because '[a]n appellate court is in the same position as the trial court in assessing whether the factual admissions during a plea colloquy satisfy the essential elements of an offense.'" State v. E.J.H., 466 N.J. Super. 32, 37 (App. Div. 2021) (quoting Tate, 220 N.J. at 404).

## III.

Defendant challenges the Law Division's order in three ways, contending: first, that his plea was not knowing and voluntary; second, that the plea colloquy did not establish the essential elements of DWI, N.J.S.A. 39:4-50; and third, that

A-2089-24

defendant was not made aware by the municipal court judge what his rights were when he pled guilty. We are unconvinced, and we affirm substantially for the reasons expressed in Judge Arthur Batista's well-written twenty-page opinion. We add the following comments.

The colloquy between the court and defendant, evidencing defendant's understanding that he was pleading guilty and was facing specific penalties for driving while intoxicated, is crystal clear. We find without merit defendant's argument that the municipal court did not explain all his rights before accepting his guilty plea, thus making his plea not knowing and voluntary. The record shows otherwise. There was an extensive "knowing and voluntary" colloquy defendant had with the court, that included defendant's affirmative answers to the following questions: whether he discussed the charges with his attorney; whether he wanted to plead guilty; whether his attorney explained the N.J.S.A. 39:4-50 penalties to him; whether he understood those penalties. Defendant clearly answered in the negative when asked: whether anyone was forcing him to plead guilty; whether he was under the influence of any substance that would impair his judgment; and whether he had any further questions for his attorney or for the court before pleading guilty.

A-2089-24

Next, the record contains sufficient credible evidence to satisfy the elements of N.J.S.A. 39:4-50. Defendant admitted during his plea to consuming "five shots of Bacardi," being intoxicated to the point where he should not have been driving, then operating a motor vehicle. Our jurisprudence does not require that defendant utter specific language, or "magic words," to provide a sufficient factual basis to support a guilty plea. State v. Campfield, 213 N.J. 218, 231-32 (2013) (concluding the factual basis requirement of a guilty plea does not need to "follow a 'prescribed or artificial ritual,'" rather it "should be examined in light of all surrounding circumstances . . . ." (quoting State ex rel. T.M., 166 N.J. 319, 327 (2001))).

Finally, we note that Judge Batista's application of the Slater factors to this record was sound, and we agree with the Slater analysis. Defendant has failed to demonstrate the first two factors, a colorable claim of innocence and the nature and strength of his reasons for withdrawal of the plea. Noting the existence of a plea agreement, the judge properly found that the State would be prejudiced by an order granting withdrawal of the plea, given the passage of time and the dismissal of other charges against defendant.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2089-24