**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0598-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

FRANK LEONE,

     Defendant-Appellant.

_____

Submitted February 26, 2025 – Decided May 2, 2025

Before Judges Currier and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Municipal Appeal No. 2020-03.

Frank Leone, appellant pro se.

Janetta D. Marbrey, Mercer County Prosecutor, attorney for respondent (Tasha M. Kersey, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Frank Leone appeals from the Law Division's October 6, 2023 order finding him guilty, following de novo review of the municipal court appeal, of leaving the scene of an accident involving property damage, N.J.S.A. 39:4-129(b), and failing to report an accident, N.J.S.A. 39:4-130. We affirm.

I.

In December 2018, defendant was charged with leaving the scene of an accident involving property damage and failing to report an accident.[1] A trial was subsequently conducted in the Trenton Municipal Court in February 2020.

At the outset of the proceeding, defense counsel moved to dismiss the charges against defendant. Counsel stated he requested the body camera footage referenced in the police report but never received the footage or a response from the Mercer County Prosecutor's Office. Counsel asserted the footage may contain exculpatory evidence. However, the municipal court denied the motion because it previously adjourned the trial to allow counsel an opportunity to obtain the footage and review it with defendant.

---

[1] Defendant was also charged with reckless driving, N.J.S.A. 39:4-96; failure to keep right, N.J.S.A. 39:4-82; and failure to carry motor vehicle insurance coverage, N.J.S.A. 39:6B-2. The municipal court found defendant not guilty of reckless driving and dismissed the remaining charges pursuant to a plea agreement.

A-0598-23

Thereafter, Officer Eric Thompson of the Trenton Police Department testified he was dispatched to the intersection of Greenwood Avenue and Barlow Street in the early morning of December 30, 2018, for a reported hit and run motor vehicle crash. He stated that upon arriving at the scene, he found a traffic light pole lying "down in the middle of the road" and "a gray bumper with a license plate attached" several feet away from where the traffic light was struck. He further testified that after running the license plate number, he identified defendant as the registered owner of the vehicle—an Oldsmobile Alero—and obtained defendant's address.

On cross-examination, Officer Thompson stated he did not conduct any further investigation to determine whether the paint on the traffic light pole matched the paint on the bumper found at the scene. However, he noted "[they were] kind of the same color." He also testified the bumper and license plate were not taken to defendant's home.

Next, Officer Tamar Williams testified he arrived at the scene to assist the investigation and saw the downed traffic light and the gray bumper with the license plate attached. He stated Officer Thompson advised him to proceed to the registered owner's address. Officer Williams testified that upon arriving at the residence, he observed defendant "taking stuff from the vehicle inside the

3

house." He also noticed defendant's car did not have a front bumper and realized the rear license plate "match[ed] the [license] plate" left at the accident. He further testified a woman came out of the home and spontaneously stated she and defendant "were involved in a motor vehicle accident in Titusville and . . . hit a deer." Officer Williams stated he left defendant's home once a tow truck arrived to tow the vehicle.

On direct examination, defendant testified he owned an Oldsmobile Cutlass Ciera, drove the car on December 30, 2018, and was involved in an accident when he hit a deer and then drove home. He maintained "[he] never lost [his] bumper" and "was never at the scene" referenced in the officers' testimony. On cross-examination, defendant acknowledged he drove his car in Titusville on December 30 but denied driving on Greenwood Avenue. He testified it was "impossible" for the officers to run his license plate and find his home address because he always had possession of his front bumper and license plate.

In rendering its decision, the municipal court determined that based on the evidence presented, defendant was guilty, beyond a reasonable doubt, of leaving the scene of an accident and failing to report an accident. Specifically, regarding the violation of N.J.S.A. 39:4-129(b), it found defendant failed to provide

A-0598-23

evidence to rebut the statutory presumption under N.J.S.A. 39:4-129(e) that he drove the vehicle involved in the accident on Greenwood Avenue. The municipal court stated that while defendant recalled an accident that occurred in Titusville, he failed to "provide an accident report or testify that [he] had notified [the] Titusville Police Department" about the accident.

The municipal court further found the testimony of Officers Thompson and Williams was credible. Specifically, it noted Officer Thompson was credible in testifying that "he found . . . the light pole" lying across the intersection with "a bumper [and] license plate . . . attached," which "[was] registered to [defendant]." The municipal court also noted Officer Williams testified credibly about the investigation he conducted at defendant's home.

Accordingly, the municipal court found defendant guilty of leaving the scene of an accident involving property damage and failing to report an accident. It issued defendant a $300 fine, plus $33 in court costs, and ordered a six-month suspension of defendant's driver's license for the violation of N.J.S.A. 39:4-129(b). It also imposed a $189 fine for defendant's failure to report the accident.

Defendant appealed, and the Law Division conducted a trial de novo. Defendant, who was self-represented before the Law Division, raised various issues regarding the municipal court proceeding.

5

First, defendant argued his counsel provided ineffective assistance because "counsel wasn't really there for [him]"—or else defendant "wouldn't be here" before the Law Division—and failed to represent him on appeal.  He also claimed he obtained "paperwork from the [New Jersey Department of Transportation (NJDOT)]" and that counsel had a duty to submit the report into evidence, regardless of the municipal judge finding it irrelevant.  Next, defendant argued he did not have a fair trial because the municipal judge "was biased" and "[t]hreaten[ed] [his] livelihood" by suspending his driver's license, which he needed for work.  He further asserted the prosecution and municipal judge withheld favorable evidence by not admitting the officers' body camera footage into evidence, which, according to defendant, was exculpatory.

Judge Sherry L. Wilson rendered a comprehensive, well-reasoned oral decision on September 11, 2023, denying defendant's de novo appeal, finding there was sufficient evidence in the record to support the municipal court's ruling.  She noted defendant testified that he owned and drove the vehicle involved in the accident and acknowledged he was in an accident.  She found both officers provided credible testimony and agreed the police located defendant based on finding his bumper and license plate at the scene.  She determined that, "[a]lthough the [municipal court] judge used a higher standard

6

of a rebuttal presumption, . . . there was not sufficient evidence to outweigh even a permissible inference under [N.J.S.A.] 39:4-129(e)."

Judge Wilson allowed defendant to supplement the record with the body worn camera footage pursuant to N.J.S.A. 3:23-8(a)(2). She found "the footage [was] very brief, and essentially depict[ed] the dashboard of the officer's vehicle and contain[ed] audio of him communicating with dispatch" regarding "a hit and run into a traffic pole." She determined "[t]he absence of this video footage at trial would not have prejudiced defendant" or "changed the outcome of the trial," and "[i]t d[id] not contain exculpatory evidence."

The judge further rejected defendant's contention that the municipal court judge showed personal bias and prejudice toward him. Specifically, she stated the municipal court asked defendant to confirm what he did for work and reminded him of the fines associated with finding him guilty. Judge Wilson found "[t]here [was] no bias, partiality, or appearance of partiality . . . that would be questioned by a fully informed reasonable person."

The judge then proceeded with sentencing. As to defendant's violation of N.J.S.A. 39:4-129(b) for leaving the scene of an accident, it amended the municipal court's original sentence to a minimum fine of $200, plus $33 in court costs. She did not impose an additional suspension of defendant's license, as he

7

already completed the previous suspension and restored his license. For defendant's failure to report an accident in violation of N.J.S.A. 39:4-130, the judge affirmed the municipal court's original fine of $189.[2]

On September 18, 2023, the judge supplemented the September 11 decision, incorporating all findings and conclusions from that record. She determined "defendant['s] . . . testimony was not credible." She found "the testimony of both officers [was] credible, logical, and consistent with each other." She stated:

> The officers' version of the facts was more logical tha[t] the bumper and license plate left at the scene of the accident on Greenwood Avenue . . . led [them] to . . . defendant after searching the license plate number in the Info-Cop system which identified the vehicle as a vehicle registered to . . . defendant [and his home address].

She indicated "[t]he license plate on the rear bumper of the vehicle parked at . . . defendant's house . . . matched the plate found attached to the bumper on Greenwood Avenue" and that defendant's "vehicle had damage to the front end and was missing its bumper." She also noted a woman at defendant's home

---

[2] The Law Division also dismissed the remaining charges against defendant pursuant to the plea agreement.

"spontaneously admitted [to Officer Williams] that she and defendant were in an accident, but claimed that they hit a deer in Titusville."

Judge Wilson further found "[defendant's] version of the facts [was] simply not believable" and "defie[d] logic." She stated defendant "denie[d] being involved in the accident on Greenwood Avenue . . . on December 30[], 2018." Notably, "[d]efendant admitted that he drove his vehicle" that night but "claimed he hit a deer in Hopewell," put his "fallen bumper with the license plate intact . . . in his car, drove home, and placed it in his apartment."

Accordingly, the judge determined there was sufficient credible evidence to support finding a permissive inference under N.J.S.A. 39:4-129(e). Applying the inference, the judge found, based on the totality of the evidence, "[defendant] was the driver of [the] vehicle that caused damage to the traffic light [pole] on Greenwood Avenue . . . and that he had knowledge that he was involved in the accident." As such, she concluded the State satisfied its burden beyond a reasonable doubt.

Moreover, although it was not required for Judge Wilson to address at that juncture,[3] she also determined defendant failed to establish a prima facie claim

---

[3] Pursuant to Rule 7:10-2, defendant should have first filed a petition for post-conviction relief before the municipal court.

A-0598-23

of ineffective assistance of counsel under the standard in <u>Strickland v.</u> <u>Washington</u>, 466 U.S. 668, 688 (1984). She found defense counsel's performance met the objective standard for reasonableness under the first prong of <u>Strickland</u> because "[h]e filed a motion to dismiss, cross[-]examined witnesses, conducted a direct examination of . . . defendant, and vigorously challenged the State's evidence throughout the trial." She further commented that even if defendant satisfied the first prong, he failed to show the alleged evidentiary errors would have changed the outcome of the trial under the second prong. Accordingly, the judge affirmed the municipal court's decision.

II.

Defendant raises the following points on appeal:

POINT I

DEFENDANT['S] DEFENSE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF [THE] UNITED STATES CONSTITUTION. (Not Raised Below) (Due to: Municipal Court Proceedings Ineffective Assistance of Counsel).

POINT II

SUPERIOR COURT OF NEW JERSEY LAW DIVISION MERCER COUNTY CRIMINAL PART DEPRIVED [DEFENDANT] OF DUE PROCESS IN PROVIDING A FULL, FAIR AND IMPA[RT]IAL REVIEW OF LOWER MUNICIPAL COURT

FINDINGS. (Not Raised Below) (Due to: Municipal
Court Proceedings Ineffective Assistance of Counsel).

A municipal court decision is appealed to the Law Division where the judge "may reverse and remand for a new trial or may conduct a trial de novo on the record below." R. 3:23-8(a)(2); see also R. 3:23-1; R. 7:13-1. "At a trial de novo, the [Law Division] makes its own findings of fact and conclusions of law but defers to the municipal court's credibility findings." See State v. Robertson, 228 N.J. 138, 147 (2017). "It is well-settled that the trial judge 'giv[es] due, although not necessarily controlling, regard to the opportunity of the' municipal court judge to assess 'the credibility of the witnesses.'" Id. at 148 (quoting State v. Johnson, 42 N.J. 146, 157 (1964)).

As such, this court reviews the record through a deferential lens because "the rule of deference is more compelling where . . . two lower courts have entered concurrent judgments on purely factual issues." State v. Locurto, 157 N.J. 463, 474 (1999). "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. Where a defendant is convicted in the Law Division and seeks reversal in the Appellate Division, "the State no longer has the burden of proof[,] [and] [a]ppellate review instead focuses on whether there is

11

'sufficient credible evidence . . . in the record' to support the trial court's findings." Robertson, 228 N.J. at 148 (quoting Johnson, 42 N.J. at 162).  As the Court in Robertson stated:

> The differences[—]between . . . convictions in municipal court and the Law Division[—]matter.  After the first conviction, the stage is set for a new trial, where the defendant retains the presumption of innocence; after the second, a defendant loses the cloak of innocence and stands convicted—ready to challenge that determination on appeal.
>
> [Ibid.]

Thus, appellate review of a de novo proceeding in the Law Division following an appeal from the municipal court is "exceedingly narrow."  Locurto, 157 N.J. at 470.  "[A]ppellate review of a municipal appeal to the Law Division is limited to 'the action of the Law Division and not that of the municipal court.'" State v. Hannah, 448 N.J. Super. 78, 94 (App. Div. 2016) (quoting State v. Palma, 219 N.J. 584, 591-92 (2014)).  However, the Law Division's legal conclusions are reviewed de novo.  Robertson, 228 N.J. at 148.

Defendant contends the Law Division erred in finding he did not sustain a prima facie claim of ineffective assistance of counsel because his attorney failed to admit exculpatory evidence.  Specifically, defendant alleges he requested his attorney to enter the reports from NJDOT into evidence, but

counsel failed to do so. He further argues counsel did not produce the officers' body worn camera footage in support of his defense. Defendant maintains "that but for the ineffective assistance of counsel, in failing to put exculpatory evidence . . . into the Mercer County municipal [t]rial record[,] he would have been found not guilty . . . ." The State counters that the Law Division correctly found defendant failed to establish a prima facie claim of ineffective assistance of counsel.

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). Under prong one, a defendant must demonstrate "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. To establish prejudice under prong two, "a defendant 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" State v. Harris, 181 N.J. 391, 432 (2004) (quoting id. at 694).

We affirm substantially for the reasons set forth in Judge Wilson's cogent opinion regarding this issue. Regarding the first prong of Strickland, defendant did not demonstrate that his counsel's performance fell below an objective standard of reasonableness. As the judge noted, defense counsel moved to dismiss the charges, cross-examined witnesses, conducted a direct examination of defendant, and continued to challenge the State's evidence throughout the municipal trial. Likewise, under the second prong, she correctly found defendant failed to demonstrate that any of the alleged errors would have changed the outcome of the trial.

Notably, the court permitted defendant to supplement the record with the body worn camera footage, which, in part, forms the basis for defendant's ineffective assistance of counsel claim. Following an in-camera review, the judge made an independent determination that the footage did not contain exculpatory evidence and would not have changed the outcome of the trial, given the officers' credible testimony and the footage corroborating the hit and run, damaged traffic pole, and the bumper and license plate found at the scene.

Furthermore, defendant fails to articulate how defense counsel's failure to admit the NJDOT report into evidence proves his ineffective assistance of counsel claim—or that it contains exculpatory evidence. Pursuant to the Open

A-0598-23

Public Records Act, N.J.S.A. 47:1A-1 to -13, defendant requested documents from NJDOT regarding which "of the [seven] traffic signals at [Market Street and Barlow Street]" were damaged or replaced on December 30, 2018. However, the request was denied because such records "d[id] not exist." Defendant did, however, receive a claim report from the State Department of Treasury, Division of Risk Management, detailing the costs to repair the downed traffic signal from the December 30, 2018 accident. Accordingly, defendant provides no basis to disturb the Law Division's conclusion that he failed to sustain a prima facie claim of ineffective assistance of counsel.

Defendant next asserts the Law Division deprived him of a fair and impartial de novo review of the municipal trial because it continued to suppress exculpatory evidence. Defendant maintains "he was not at the scene of the accident . . . but rather at a different location where he was the victim of a deer strike." According to defendant, the State failed to meet its burden of proof because it "erroneously linked" him to the downed light pole, and the Law Division erred in finding him guilty because it relied upon "testimony of police officers who were not [present] at the scene of the incident . . . , did not personally witness it, and did not receive and present any eyewitness account [of] . . . the alleged traffic pole strike."

15

Defendant was convicted of violating N.J.S.A. 39:4-129(b), which, in pertinent part, provides:

> (b) The driver of any vehicle knowingly involved in an accident resulting only in damage to a vehicle, including his own vehicle, or other property which is attended by any person . . . shall remain at the scene of such accident until he has fulfilled the requirements of subsection (c) of this section. . . . Any person who shall violate this subsection shall be fined not less than $200 nor more than $400 . . . .
>
> In addition, a person who violates this subsection shall, for a first offense, forfeit the right to operate a motor vehicle in this State for a period of six months from the date of conviction . . . .

Moreover, if no police are present at the scene of an accident, the driver "shall . . . report such accident" to the nearest police department and submit identification information. N.J.S.A. 39:4-129(c). The statute further provides "a permissive inference that the driver of any motor vehicle involved in an accident resulting in . . . damage in the amount of $250[] or more to any . . . property has knowledge that he was involved in such accident[,]" and "that the registered owner of the vehicle . . . was the person involved in the accident." N.J.S.A. 39:4-129(e).

Furthermore, defendant was found guilty of violating N.J.S.A. 39:4-130, which defines the offense of failing to report an accident. That statute requires

16

a driver involved in an accident resulting in over $500 in property damage to notify the police and file a written report within ten days of the accident. N.J.S.A. 39:4-130. The report must contain detailed information about the accident and the then-existing conditions. Ibid.

Here, following de novo review of the record, the Law Division determined there was sufficient evidence to support a finding that defendant was guilty of leaving the scene of an accident involving property damage and failing to report an accident. Notably, the Law Division found both officers' testimony credible, logical, and consistent. It stated both officers testified to noticing a traffic pole broken at its base, lying across Greenwood Avenue and Barlow Street, and finding a bumper with defendant's license plate attached several feet away. In contrast, the Law Division found defendant's testimony was not credible and "defie[d] logic."

We conclude there was ample credible evidence in the record to support Judge Wilson's factual findings and ultimate decision and discern no basis upon which to disturb her conclusions.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

17